UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN DIAZ-LARA,<br><br>Defendant. | Case No. 1:15-cr-239-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Martin Diaz-Lara's Motion for Compassionate Release. Dkt. 165. The Government opposes the motion. Dkt. 167. After considering the briefing and record, the Court will deny the motion.

## BACKGROUND

On June 15, 2016, the Diaz-Lara was sentenced to 97-month term of imprisonment after pleading guilty to conspiracy to manufacture marijuana with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. Dkts. 75, 87, and 109. Diaz-Lara is serving his sentence at Sheridan FCI, with an anticipated release date of August 12, 2022, having served almost the entirety of his sentence.

**MEMORANDUM DECISION AND ORDER - 1**

Diaz-Lara seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) on the grounds that marijuana laws have become much more lenient and that if sentenced today, he would have received less than the 37-month sentence he received on the marijuana charge.

## LEGAL STANDARD

Diaz-Lara seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." *Id.*; *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). *See also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Diaz-Lara states that he requested compassionate release from the Warden

of his facility, but he had not received a response well after thirty days. Assuming the truth of his assertion, his motion is ripe for consideration.

In addition to stating that marijuana laws are more lenient now, Diaz-Lara argues that it would save the Government money to release and deport him now rather than continue to house, feed, and clothe him. These bare bones assertions do nothing to address the § 3553(a) factors or to meet his burden of establishing extraordinary and compelling reasons for release.

## ORDER

**IT IS ORDERED** that Luke Diaz-Lara's Motion for Compassionate Release (Dkt. 165) is DENIED.

DATED: June 13, 2022

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 3**